CLEARY v. R. E. DIETZ CO.   (No. 298/53.)

(Supreme Court, Appellate Division, Third Department.   November 11, 1914.)

1. MASTER AND SERVANT (§ 252*)—NOTICE OF INJURY—VARIANCE.

Under Labor Law (Consol. Laws, c. 31) § 201, providing that the notice of a personal injury shall not be deemed insufficient for inaccuracy in stating the time, place, or cause of injury, if there is no intent to mislead, a notice of injury, alleging that plaintiff lost his fingers in a punch press, which tripped while his foot was off the pedal, will not prevent a recovery by reason of the negligent adjustment of the pedal, whereby plaintiff's foot involuntarily came in contact with the pedal, tripping the machine.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 806; Dec. Dig. § 252.*]

2. MASTER AND SERVANT (§ 288*)—ASSUMPTION OF RISK.

Where a servant worked upon a machine but ten minutes, and was operating it as directed when injured, he did not assume the risk as a matter of law of its defective adjustment.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1068–1088; Dec. Dig. § 288.*]

Appeal from Trial Term, Onondaga County.

Action by George P. Cleary against the R. E. Dietz Company. From a judgment for defendant, and from an order denying a motion for new trial, plaintiff appeals. Reversed, and new trial granted.

Transferred from Fourth department, 148 N. Y. Supp. 1109.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Hancock, Spriggs & Hancock, of Syracuse (Stewart F. Hancock, of Syracuse, of counsel), for appellant.

Hiscock, Doheny, Williams & Cowie, of Syracuse (Leroy B. Williams, of Syracuse, of counsel), for respondent.

JOHN M. KELLOGG, J.   December 6, 1909, defendant's superintendent put the plaintiff at work upon a Bliss inclinable punch press in the defendant's factory. The plaintiff had been employed in the factory about three weeks, and had worked upon other punch presses; but this was the only punch press he had worked upon where it was necessary to put the hands between the upper die and the bed plate in order to adjust the work. The plaintiff claims the superintendent sat down to the press, with his legs under it, leaning over the bed plate, so that he was near his work, and operated the press, telling him to observe what he did and to operate it in the same manner. The upper die is brought down upon the bed plate by pressing the foot upon a pedal or treadle under the press, which pedal the plaintiff says was 17 inches below the bed plate and about 6 inches above the floor. The distance from the plaintiff's knee to the bottom of his foot was 21 inches, and the other men working upon the machine showed about the same length of leg. In about 10 minutes from the time the plaintiff began to operate the press, the upper die came down at a time when he did not intend to press the pedal, and while his hands were between the die

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and the bed plate adjusting the work, and he lost the fingers upon both hands.

Upon the trial he alleged negligence in three respects: (1) That he was not properly instructed in the operation of the press; (2) that a stick or other device should have been furnished him, so that it would not have been necessary to put his hands between the dies; (3) that the space between the pedal and the bottom of the bed plate was too short, that the pedal was so adjusted that it did not permit the free use of the leg, and that in attempting to raise the foot from the pedal the knee would at times strike the bed plate and cause the foot to press the pedal and trip the press, when such action was not intended. A notice of the accident was served under section 201 of the Labor Law as it then existed (Consol. Laws, c. 31), and this action was brought August 15, 1910.

[1] The court refused to submit the third alleged ground of negligence to the jury, holding that it was not covered by the notice served, and that no cause of action could be based upon it at common law. The exception to this ruling presents the question upon this appeal.

The complaint specified this ground of negligence as a basis of recovery. At the time the notice was served it is evident that the plaintiff did not comprehend that the shortness of the space between the bed plate and the pedal might cause the foot, without his volition, to press the pedal and trip the press. He evidently believed at that time that the press tripped because of a defective spring, or some mechanism which was out of order, thus causing the upper die to fall when the pedal was not pressed. He stated in the notice that at the time the press tripped his foot was not upon the pedal, and upon a former trial he relied principally upon that ground of negligence. The evidence upon this trial indicated to the satisfaction of the jury that it was necessary to put the hands between the dies in adjusting the work upon this machine. The evidence showed that the press at various times had tripped with other workmen at a time when they did not voluntarily touch the pedal; that in attempting to take the foot from the pedal at times, the knee would strike against the bed plate, with the result that the foot, without the volition of the operator, would touch the pedal and spring the press. The evidence presented a fair question for the jury, if the plaintiff's injury was not caused in the same manner.

A notice under section 201 of the Labor Law is not intended as a trap to prevent a plaintiff from prosecuting his just claim to the court; neither is it intended as a complaint which should, as far as may be, indicate the particular allegations made against the defendant, but is intended solely to furnish the defendant timely notice of the accident, so that the circumstances may be investigated and the facts ascertained. The law requires that notice shall be given to the defendant of the time, the place, and the cause of the injury, and provides:

"But no notice under the provisions of this section shall be deemed to be invalid or insufficient solely by reason of any inaccuracy in stating the time, place or cause of the injury, if it be shown that there was no intention to mislead and that the party entitled to notice was not in fact misled thereby."

The notice served made it plain that at the time and place stated the plaintiff lost his fingers, while he was at work upon this press operating

it in the manner directed, and that while he did not voluntarily touch the pedal the machine tripped and caused the injury, and that the machine was unsafe and dangerous. Giving this section its reasonable construction, as indicated by Hurley 'v. Olcott, 134 App. Div. 631, 119 N. Y. Supp. 430, affirmed 198 N. Y. 132, 91 N. E. 270, 28 L. R. A. (N. S.) 238, and Martin v. Walker & Williams Mfg. Co., 198 N. Y. 324, 91 N. E. 798, it fairly stated to the defendant the time, the place, and the cause of the injury. It is too technical to say that, because plaintiff stated in the notice that the accident occurred while his foot was not upon the pedal, he is precluded from showing that his foot was not upon the pedal by his voluntary act, but that it came in contact with the pedal by reason of the defendant's negligence in not properly adjusting the machine. It is evident that the press would not trip without pressure upon the pedal. If the plaintiff put pressure upon the pedal, he says it was an involuntary act, caused by defendant's negligence. It was error to take this question from the jury.

In the most unfavorable view the plaintiff was entitled to have submitted to the jury the question whether he intended to mislead the defendant by the notice, and whether the defendant had actually been misled by it. We feel, however, that it was unnecessary to submit this question to the jury, as this alleged ground of negligence is fairly within the purview of the notice, and it is evident that there was no intent to mislead the defendant, and that it was not misled. The press all the time was in its possession, and the complaint, served years before the trial and soon after the accident, informed it that the plaintiff relied upon this improper adjustment of the press as a ground of negligence causing the injury. No suggestion is made how the defendant could have been benefited if the notice had expressly stated it, or how the defendant is deceived to its injury by the fact that the notice was not more particular in that respect.

[2] The plaintiff had worked upon the machine but 10 minutes, had never worked upon this type of machine before, and was operating it in the manner directed by his foreman. It cannot be said as matter of law that he assumed the risk, even if this were treated as an action at common law. This consideration may not be important, as we hold that the notice was sufficient to present this question to the jury.

The judgment and order should therefore be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.